IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN MANTHIE,

                Plaintiff,

v.

STANLEY CORRECTIONAL INSTITUTION - ADMINISTRATION,

                Defendant.

ORDER

13-cv-206-wmc

---

      Plaintiff Steven Manthie, a prisoner at Stanley Correctional Institution in Stanley, Wisconsin, has submitted a pleading he calls a "Motion for Relief Under Wisconsin Act 398 - Restitution Law." In his motion, plaintiff seeks a monetary award of damages and an order allowing him to receive medical services at no cost to plaintiff. Liberally construed, plaintiff's complaint concerns conditions of confinement that are actionable, if at all, under 42 U.S.C. § 1983. The pleadings are deficient, which means this case cannot proceed, for two reasons.

      First, plaintiff has neither paid the $350 filing fee for a civil action in federal district court nor submitted a request for leave to proceed *in forma pauperis* without prepayment of fees. Assuming that plaintiff wishes to proceed *in forma pauperis*, he must comply with the Prison Litigation Reform Act of 1996 (the "PLRA"), 28 U.S.C. § 1915(a)(2), by submitting a certified copy of his inmate trust account statement for the six-month period preceding the date of his complaint. Once plaintiff has provided the necessary statement, the court will calculate and assess an initial partial filing fee payment according to a formula described in 28 U.S.C. § 1915(b)(1). Plaintiff must pay the initial partial filing fee for his case to proceed and he must thereafter pay the remainder of the filing fee in monthly increments. *See* 28 U.S.C. § 1915(b)(2).

Second, plaintiff has not filed his complaint on a form approved for use by state prisoners. Regardless of whether he pays the filing fee or any portion thereof, the PLRA requires the court to review every complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer or employee to determine if the complaint is (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetar6y relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Before this court can entertain plaintiff's claims, he must file a complaint pursuant to 42 U.S.C. § 1983, setting out a short and plain statement of the facts underlying his claim for relief, Fed. R. Civ. P. 8(a).  He must also identify by name in the caption of that complaint all of the persons he intends to sue.  To assist plaintiff, the clerk's office will provide along with this order an approved form for use by state prisoners filing a civil rights lawsuit.  Similar forms also are available at the prison law library.

ORDER

IT IS ORDERED that plaintiff Steven Manthie may have until April 26, 2013 to submit the following:

(1)   a complaint on the form provided by the clerk's office or similar form from the prison law library; and

(2)   the filing fee ($350) or a request for leave to proceed *in forma pauperis* that includes a certified copy of his trust fund account statement for the period beginning approximately September 19, 2012 and ending approximately March 19, 2013.

If plaintiff fails to respond or comply as directed by April 26, 2013, the court will assume that he wishes to withdraw this action voluntarily. In that event, his case will be dismissed without prejudice under Fed. R. Civ. P. 41(b) and closed for administrative purposes without further notice.

Entered this 28th day of March, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge